# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MELISSA BRUMLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-0677** |
| | ) | **Judge Aleta A. Trauger** |
| **UNITED PARCEL SERVICE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Before the court is the plaintiff's timely Rule 59(e) Motion to Alter or Amend Final Order of Dismissal (Doc. No. 28), seeking reconsideration of the Order of dismissal entered on January 22, 2018. The motion has been fully briefed. (*See* Doc. Nos. 29 (plaintiff's Memorandum in Support), 32 (defendant's Response in Opposition), 36 (plaintiff's Reply), 40 (defendant's Sur-reply).) For the reasons set forth herein, the plaintiff's motion will be denied.

## I.     Procedural and Factual Background

Plaintiff Melissa Brumley is employed by defendant UPS as a sorter at a warehouse located in Franklin, Tennessee. She filed this lawsuit to pursue claims of discrimination and failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") (collectively referred to herein as the ADA unless necessary to distinguish between them). On January 22, 2018, the court granted the defendant's Motion for Summary Judgment, denied the plaintiff's Counter Motion for Summary Judgment, and entered a final Order of dismissal. (Doc. No. 26.)

In granting the defendant's Motion for Summary Judgment, the court determined, based

on the undisputed facts, that: (1) the plaintiff failed to present direct evidence of disability discrimination; (2) any delay caused by the employer in conducting the interactive process required by the ADA for finding a reasonable accommodation was not, as a matter of law, unreasonable; (3) the plaintiff abandoned the interactive process and withdrew her request for an accommodation, thus mooting her claim based on failure to accommodate; and (4) the plaintiff failed to allege any other form of discrimination based on a disability under the ADA, other than the alleged failure to accommodate. (Doc. No. 25, at 10–11.) The court incorporates herein the factual background contained in the Memorandum accompanying the Order of dismissal. (Doc. No. 25.)

After entry of Judgment, the plaintiff filed her timely Rule 59(e) motion, asserting that there has been an intervening or "recent" change in the law, that she is in possession of newly discovered evidence that requires setting aside the Order of dismissal, and that the Order of dismissal must be set aside to prevent manifest injustice. In the alternative, she seeks to reopen the case to conduct further discovery, arguing that she was "actively seeking discovery at the time of the dismissal." (Doc. No. 28, at 2.) Most of the parties' briefing, in fact, concerns the tangential matter of the plaintiff's desire to reopen the case to take additional discovery and her efforts to take such additional discovery prior to dismissal of this case. Besides disputing the plaintiff's claim that she is entitled to additional discovery, the defendant contends that the plaintiff has not satisfied any of the requirements for relief under Rule 59(e).

## II.     Standard of Review

Under Rule 59, a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615

(6th Cir. 2010); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

However, a motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music*, 477 F.3d at 395; *see also Leisure Caviar*, 616 F.3d at 616 (noting that a movant "cannot use a Rule 59 motion to raise arguments which could, and should, have been made before judgment issued"). Critically, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Likewise, a Rule 59(e) motion "should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (citation omitted).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005) (citation and internal quotation marks omitted), *abrogated on other grounds*, *Allied Indus. Scrap, Inc. v. OmniSource Corp.*, 776 F.3d 452 (6th Cir. 2015).

## III.     Discussion

### A.     Intervening Change in the Law

The plaintiff insists that there has been an "intervening change in controlling law, that is so recent that it created a clear error of law in the dismissal." (Doc. No. 29, at 3.) The case to which she cites in support of this argument, however, was decided on September 1, 2017. *Watford v. Jefferson Cnty. Pub. Sch.*, 870 F.3d 448 (6th Cir. Sept. 1, 2017), *reh'g denied* (Oct. 20, 2017), *reh'g en banc denied* (Nov. 9, 2017). The plaintiff's Response to the defendant's Motion for Summary Judgment and her own Counter Motion (Doc. No. 21) were filed on

December 5, 2017, three months after the initial decision was rendered and almost a month after the denial of rehearing en banc.

Consequently, even if the court assumes that *Watford* markedly changed the legal landscape, it does not constitute an *intervening* change in controlling law for purposes of Rule 59(e). It was issued before briefing in this case was completed and well before the Order of dismissal was entered. The plaintiff, therefore, has not shown that she is entitled to relief under Rule 59(e) based on an intervening change in controlling law.

### B.      Clear Error of Law

Although this argument is not clearly articulated, the court construes the plaintiff's motion as also asserting that the court committed a clear error of law in not applying *Watford*, which was already controlling law at the time the court granted the defendant's Motion for Summary Judgment.

In *Watford*, the plaintiff was a teacher who had been fired for alleged insubordination and who believed that her termination was instead due to discrimination based on race, sex, and age. Among other claims brought in her federal lawsuit, she asserted that she had suffered retaliation for having filed EEOC complaints alleging such discrimination. Before bringing her federal lawsuit, she had filed grievances with the county board of education under the terms of a collective bargaining agreement ("CBA"). The CBA contained grievance procedures that applied in the event an employee brought a complaint alleging discriminatory conduct. At issue in the case before the Sixth Circuit was a provision in the CBA stating that, if an employee also files a discrimination complaint before any other agency, including the EEOC, while a CBA grievance is pending, "the parties agree to hold the [CBA] grievance in abeyance until the agency complaint is resolved." *Watford*, 870 F.3d at 450. The Sixth Circuit held, in short, that a CBA

provision that requires grievance proceedings to be held in abeyance upon the filing of an EEOC charge is facially retaliatory. *Id.* at 453–54.

In other words, *Watford* addressed a retaliation claim. Brumley brought a discrimination claim under the ADA based on a failure to accommodate.[1] The standards governing review of these two types of claims are not the same. Moreover, the plaintiff has not pointed to any evidence in the record that UPS held her union grievances in abeyance at all, much less that the grievances were held in abeyance pending resolution of her EEOC charge.[2] The court's purported failure to take *Watford* into account in issuing its ruling, therefore, did not constitute a clear error of law for purposes of Rule 59(e).

### C.    Newly Discovered Evidence

The plaintiff also claims that she is in possession of newly discovered evidence that warrants relief under Rule 59(e). The evidence she seeks to have taken into consideration consists of documentation showing that she suffered a new work-related injury on or about November 14, 2017 and that she was allowed to return to work with a 10-pound lifting restriction on November 29, 2017. The doctor's release, which is attached as an exhibit to her filing, indicates that the lifting restriction would be in place until December 13, 2017. (Doc. No. 29, at 7; Doc. No. 29-1, at 1.) The plaintiff insists that this "new" evidence calls into question the veracity of testimony offered by UPS in support of its Motion for Summary Judgment.

In particular, she argues that it creates a genuine issue of material fact as to whether the 70-pound lifting requirement contained in her job description was or is an essential function of her position. (Doc. No. 29, at 7.) The problem with this argument is at least two-fold. First, in

---

[1] She abandoned her workers' compensation retaliation claim.

[2] The defendant asserts that the plaintiff's EEOC charge was not filed until November 22, 2016, more than a month after the plaintiff withdrew her request for an accommodation, but the EEOC charge is not in the court's record.

ruling on the defendant's summary judgment motion, the court acknowledged that there was a material factual dispute as to whether the 70-pound lifting requirement was an essential job function. (*See* Doc. No. 25, at 17 ("The court accepts, for purposes of the defendant's Motion for Summary Judgment, that there is a material factual dispute as to whether the ability to lift up to 50 pounds frequently and 51 to 70 pounds occasionally was an essential function of the UPS sorter position, at least for an employee assigned to local sort.").)[3]

And second, the "newly discovered evidence" to which the plaintiff cites, which was apparently generated in November 2017, was available to her before she filed her summary judgment response and counter-motion on December 5, 2017. Even if the court presumes that the plaintiff failed to make the doctor's note with its lifting restriction available to her attorney before December 5, for purposes of incorporating reference to it in her court filings, she still had the opportunity to supplement the record or otherwise to bring the document to the court's attention before the court issued its ruling on January 22, 2018. "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *see also Guadalupe-Baez v. Pesquera*, 819 F.3d 509 (1st Cir. 2016) (holding that the district court acted within its discretion in denying Rule 59 motion based on a document received while a motion to dismiss was pending, but the plaintiff took no steps to amend his complaint or otherwise to call the newly revealed information to the court's attention, and the motion to dismiss was granted a month after the plaintiff obtained the new evidence).

Besides being irrelevant, the evidence to which the plaintiff points in her motion was

---

[3] Moreover, this new evidence is not relevant to the point the plaintiff is trying to make. Her ADA claim concerned permanent restrictions and UPS's alleged refusal to accommodate permanent restrictions. The restriction at issue here, on its face, was temporary.

clearly available to her before she responded to the defendant's Motion for Summary Judgment and well before the court issued its opinion. She is not entitled to relief under Rule 59(e) based on newly discovered evidence.

### D. The Need to Prevent Manifest Injustice

The plaintiff also argues that the Order of dismissal should be set aside because the court, in granting the defendant's Motion for Summary Judgment, improperly drew factual inferences in favor of the defendant rather than in favor of the plaintiff, as the non-moving party, specifically by concluding that: (1) she did not have direct evidence of ADA discrimination; and (2) she voluntarily abandoned the interactive process for determining whether she could perform her essential job functions either with or without an accommodation. (*See* Doc. No. 29, at 8, 11.)

### *(1) Direct Evidence of Discrimination*

The plaintiff claims that the court erred as a factual matter in concluding that no juror could find direct evidence of discrimination in light of her repeatedly testifying that her supervisor, Richard Bonee, told her that UPS does not ever allow permanent work restrictions. (*See* Doc. No. 29, at 9–10, citing Pl.'s Dep., Doc. No. 15-3, at 8, 9, 21, 49; *see also* Doc. No. 21-14 (improperly authenticated excerpt purportedly from affidavit by UPS supervisor Doug Grissom).) She claims that the court erred in relying on her testimony from her workers' compensation hearing, in which she testified that Richard Bonee told her there were "supposed to be work accommodations for permanent work restrictions" (Doc. No. 12-12, at 5), because that testimony was taken out of context. She insists again, as she did in her original summary judgment filings, that Richard Bonee's refusal to allow her to return to work in local sort on July 29, 2016, the day she showed up with a doctor's note ascribing permanent restrictions, constituted direct evidence of disability discrimination in violation of the ADA and that it is

necessary to vacate the Order of dismissal in order to prevent manifest injustice.

The plaintiff raised this argument previously and seeks now simply to reargue the same points. This is precisely the type of argument that Rule 59(e) does not countenance. *See, e.g.*, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) ("A motion under Rule 59(e) does not simply provide an opportunity to reargue a case."). Regardless, the court still finds that the plaintiff's position is not supported as a matter of law.

The plaintiff's claim is that UPS engaged in discrimination by failing to accommodate her disability by allowing her to return to work the very day she showed up with her doctor's note assigning permanent restrictions. In reviewing the defendant's summary judgment motion, the court accepted as true the plaintiff's testimony that Bonee told her she could not return to work with permanent restrictions. However, the court also accepted as true her testimony that he (and apparently others) told her that she could seek an accommodation for permanent work restrictions. The court also considered the undisputed facts regarding the company's attempts to engage in the interactive process to determine whether an accommodation was available or necessary.

The law simply does not support the plaintiff's claim that not being allowed to return to work on July 29, 2016 constituted direct evidence of discrimination or a *per se* violation of the ADA. To establish a claim under the ADA for failure to accommodate using direct evidence, the plaintiff must establish that she is "disabled and otherwise qualified for the position, either with or without an accommodation." *Rorrer v. City of Stow*, 743 F.3d 1025, 1039 (6th Cir. 2014) (citation omitted). As part of the accommodation process, however, the ADA "mandates an individualized inquiry in determining whether an [employee's] disability . . . disqualifies [her] from a particular position. The individualized inquiry is an 'interactive process' in which *both*

parties have a duty to participate in good faith." *Id.* at 1040 (internal quotation marks and citations omitted; emphasis added). The purpose of the required interactive process is to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." *Id.* (citing 29 C.F.R. § 1630.2(o)(3)). In other words, the employer was permitted to require the plaintiff to engage in the interactive process to determine what job functions were actually essential and whether the plaintiff could perform those functions either with or without an accommodation. Its alleged failure to make a snap decision based on the plaintiff's belief as to what her essential job functions were and to allow her to return to work immediately, the very day she showed up with a doctor's note, did not violate its obligations under the ADA.

Moreover, even if Bonee's conduct did constitute direct evidence of discrimination, that simply means that the burden shifted to the employer to show that accommodating the plaintiff could impose an undue burden on the operation of its business. *Id.* at 1039. Here, because the plaintiff abandoned the interactive process mid-stream, her claim failed anyway—which brings the court to the plaintiff's second contention of error.

### *(2)     The Plaintiff's Voluntary Abandonment of the Interactive Process*

The plaintiff argues that the court improperly drew factual inferences in favor of the defendant when it concluded that she voluntarily withdrew from the interactive process. This argument, again, is not properly brought in a Rule 59(e) motion, as it simply rehashes an argument that was raised previously. The court has already considered and rejected the plaintiff's argument that she was bullied into having her work restrictions removed. The court found that the plaintiff had not pointed to any actual evidence in the record that she was bullied. (*See* Doc. No. 25, at 15–16.).

The court again finds that the record contains no evidence that she was bullied into dispensing with the interactive process. Instead, she volunteered to ask her doctor to remove her restrictions. The Sixth Circuit has recognized that "an employee's resignation is not truly voluntary when . . . it has been encouraged by his employer as a purportedly necessary step in accommodating his disability." *E.E.O.C. v. United Parcel Serv., Inc.*, 249 F.3d 557, 563 (6th Cir. 2001). In this case, however, the plaintiff presented no evidence that UPS misled her or actively encouraged her to return to her doctor to have her restrictions lifted.

The plaintiff is not entitled to relief under Rule 59(e) to prevent manifest injustice.

**E.      The Motion to Reopen Discovery**

The plaintiff also argues that she was "actively trying to reopen discovery based upon newly discovered evidence and Federal Rule of Evidence 106" at the time the Order granting the defendant's Motion for Summary Judgment was entered. (Doc. No. 29, at 13.) She now requests that the court reopen the record to allow discovery based on the above-referenced newly discovered evidence.

As set forth above, the "new" evidence on the basis of which the plaintiff seeks to reopen discovery came to light before the plaintiff filed her Response and Counter Motion. Under Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmovant believes she is in need of additional discovery in order to properly respond to a pending motion for summary judgment, she may submit an affidavit or declaration showing why she so believes. Upon a proper showing by the nonmovant, the court has the authority to defer ruling on a summary judgment motion, deny it, allow additional time to obtain affidavits or declaration, or permit additional discovery. Fed. R. Civ. P. 56(d). The rule is clear that the party opposing a summary judgment motion still must alert the trial court in direct response to the motion that it needs the discovery sought in its

discovery motion to "present facts essential to justify its opposition." *Id.*

The plaintiff did not take that procedural route and, instead, has filed a Rule 59(e) motion seeking additional discovery. However, "a Rule 59(e) motion is not the proper vehicle for raising discovery disputes for the first time." *Choe v. Bank of Am., N.A.*, 605 F. App'x 316, 324 (5th Cir. 2015); *see also Fanning v. Metro. Transit Auth. of Harris Cnty., Tex.*, 141 F. App'x 311, 315 (5th Cir. 2005) (per curiam) ("A Rule 56([d]) motion, not one for reconsideration [under Rule 59(e)], is the proper remedy for a party claiming summary judgment is inappropriate because of inadequate discovery."); *Grain v. Trinity Health, Mercy Health Servs., Inc.*, No. 03-72486, 2008 WL 4683563, at *2 (E.D. Mich. Oct. 22, 2008) ("[T]he [nonmoving] party cannot remain silent about its need for further discovery to present facts essential to justify its opposition and only raise the issue in a motion for reconsideration or Rule 59(e) motion if the motion for summary judgment is granted.").

The plaintiff is not entitled to relief in the form of additional discovery under Rule 59(e).

## IV. Conclusion

For the reasons set forth herein, the plaintiff's Rule 59(e) motion is **DENIED**.

It is so **ORDERED**.

ENTER this 23rd day of April 2018.

ALETA A. TRAUGER
United States District Judge